IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:25cr357-MHT |
| ) | (WO) |
| AQUARIE JA'MAR BROWN   ) | |

ORDER

Before the court is defendant Aquarie Ja'Mar Brown's motion to continue his trial. For the reasons below, the court finds that jury selection and trial, now set for October 27, 2025, should be continued under 18 U.S.C. § 3161(h)(7)(B)(iv).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Brown in a speedy trial. Counsel represents that Brown has a length history of

2

substance misuse. Therefore, counsel states that he believes that it would be wise to have Brown undergo a comprehensive mental-health evaluation prior to proceeding to trial. Counsel states that he has scheduled a mental-health assessment with Dr. Holly Kaufman on October 20, 2025. The court infers from this timeline that Dr. Kaufman will not be able to have her report to counsel for his review and incorporation into his trial preparation prior to the October 27, 2025, trial term. There is no indication that defense counsel has not been diligent. A continuance is warranted to give defense counsel the reasonable time necessary for effective preparation. Moreover, the government does not oppose the continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Aquarie Ja'Mar Brown's motion to continue trial (Doc. 36) is granted.

(2) The jury selection and trial, now set for October 27, 2025, are reset for November 17, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse, Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 1st day of October, 2025.

                                                            /s/ Myron H. Thompson
                                                  UNITED STATES DISTRICT JUDGE